UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| NADIRA A. PITTMAN, | |
|---|---|
| Plaintiff, | 24-CV-2898 (LTS) |
| -against- | TRANSFER ORDER |
| FULTON COUNTY POLICE DEPARTMENT, | |
| Defendant. | |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who resides in Queens County, New York, brings this action *pro se*.[1] She sues the Fulton County Police Department, alleging that Defendant has violated her constitutional rights under the Fourteenth Amendment. For the following reasons, the Court transfers this action, under 28 U.S.C. § 1406, to the United States District Court for the Northern District of Georgia.

## DISCUSSION

Under the general venue provision, a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

For purposes of venue, a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district

---

[1] Queens County is in the Eastern District of New York. 28 U.S.C. § 112(c).

where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff brings her Fourteenth Amendment claims against the Fulton County Police Department in Georgia. Because it appears from the face of the complaint that Plaintiff's claims arose outside this district and involve a non-resident of this district, venue is not proper in this district under Section 1391(b)(1) or (2).

Where a plaintiff files a case in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Defendant Fulton County Police Department resides in Fulton County, Georgia, which is in the Northern District of Georgia. *See* 28 U.S.C. § 90(a)(2). Accordingly, venue is proper in the Northern District of Georgia, Atlanta Division, 28 U.S.C. § 1391(b)(1), and the Court transfers this action, in the interest of justice, to the United States District Court for the Northern District of Georgia, 28 U.S.C. § 1406(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Northern District of Georgia.

The Court leaves any determination regarding payment of the filing fees to the transferee court.[2] A summons shall not issue from this court, and this order closes this case.

---

[2] Plaintiff did not pay the filing fees or submit an IFP application with her complaint. The complaint is also unsigned.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   April 18, 2024
        New York, New York

                                            /s/ Laura Taylor Swain
                                            LAURA TAYLOR SWAIN
                                          Chief United States District Judge